IN THE COURT OF COMMON PLEAS
SUMMIT COUNTY, OHIO

| | |
|---|---|
| JANE DOE,<br>c/o Sremack Law Firm LLC<br>2745 South Arlington Road<br>Akron, Ohio 44312<br><br>　　　　Plaintiff,<br><br>vs.<br><br>DETECTIVE LARRY BROWN,<br>*In his individual and official capacities,*<br>c/o Summit County Sheriff's Office<br>53 University Avenue<br>Akron, Ohio 44308<br><br>　　　　and<br><br>LIEUTENANT CHRIS PLANCE,<br>*In his individual and official capacities,*<br>c/o Summit County Sheriff's Office<br>53 University Avenue<br>Akron, Ohio 44308<br><br>　　　　Defendants. | CASE NO.:<br><br>JUDGE:<br><br><br><br><br>**CIVIL COMPLAINT**<br>False Arrest/Detention<br>Malicious Prosecution<br>Civil Rights (42 U.S.C. § 1983)<br><br>*(Jury Demand Endorsed Hereon)* |

Plaintiff Jane Doe, through counsel, respectfully states as her Complaint against Detective Larry Brown, in his individual and official capacities and Lieutenant Chris Plance, in his individual and official capacities, the following:

## I.　　INTRODUCTION

1. This case arises from unjustified and unlawful arrest and prosecution of Plaintiff Jane Doe, which involved wholly false allegations that she carries a dangerous, contagious virus. These actions constitute violations of her civil rights.

2. On October 15, 2020, Ms. Doe was wrongfully arrested and charged with Soliciting after Positive HIV test under Ohio Revised Code Section 2907.24(B).

3. Ms. Doe does not and never has had HIV.

4. As a result of this arrest, Ms. Doe lost her job, received death threats, and suffered serious emotional injury.

5. Ms. Doe brings this action for false arrest and detention, for malicious prosecution, and for violation of her rights under the United States and Ohio Constitutions.

## II. JURISDICTION AND PARTIES

6. Plaintiff Jane Doe is, and at all times relevant to the events described in this Complaint was, an individual residing in Summit County, Ohio, and a citizen of the United States of America.

7. Defendant SCSO Detective Larry Brown is, and at all times relevant to the events described in this Complaint was, a resident of Summit County, Ohio. At all such times he is and was employed by SCSO. He is a "person" under the meaning of 42 U.S.C. 1983 and is sued in both his individual and official capacities.

8. Defendant SCSO Lieutenant Chris Plance is, and at all times relevant to the events described in this Complaint was, a resident of Summit County, Ohio. At all such times he is and was employed by SCSO. He is a "person" under the meaning of 42 U.S.C. 1983 and is sued in both his individual and official capacities.

9. This Court has jurisdiction over this matter pursuant to R.C. 2305.01.

10. Venue is proper under Civ.R. 3(B)(1), (2), (3), (4), and (6).

## III. FACTUAL BACKGROUND

11. In October 2020, the Summit County Sheriff's Office (SCSO), along with Cuyahoga Falls Police Department and Portage County Sheriff's Office,

2

11. conducted an "operation into prostitution services being advertised via the internet," per an internal SCSO document.

12. This operation and the arrest in question occurred in the City of Cuyahoga Falls, County of Summit, and State of Ohio. All acts and omissions occurred in Summit County, Ohio.

13. The name of this operation was "Check the Oil." On information and belief, the operation name has a vulgar meaning.

14. The operation involved undercover officers responding to a "social media posting" and thereafter meeting the targets of the investigation at a local residence.

15. Plaintiff Jane Doe was a target of this investigation.

16. She was arrested and charged with Soliciting After Positive HIV Test, a felony of the third degree.

17. The reporting and arresting officer was Defendant Det. Brown.

18. Defendant Det. Brown filled out and signed a false, incomplete, and inconsistent affidavit in support of the charge.

19. On information and belief, Defendant Lt. Plance approved and ratified the arrest and charge of Ms. Doe.

20. There were never any HIV-positive test results for Jane Doe, no statement by Jane Doe that she was HIV-positive, and simply no basis whatsoever for this arrest and charge.

21. Ms. Doe was confined to the Summit County Jail for four days as a result of this arrest and charge.

22. She was required to post bond in order to be released.

23. Ms. Doe's name, age, city, and mugshot were posted in an online article along with a description of the crime of which she had been falsely accused: soliciting after an HIV-positive test.

24. On or about October 23, 2020, the prosecution terminated in Ms. Doe's favor with a dismissal of the charges. She was then re-charged with Soliciting, a misdemeanor of the third degree.

25. Human immunodeficiency virus (HIV) "is a virus that attacks the body's immune system" and for which there is no effective cure.[1]

26. It is a highly stigmatized condition in society.

27. As a direct and proximate result of the false charge, false arrest, and malicious prosecution, Ms. Doe received death threats and lost her job. She suffered financial damages and was required to defend against the false charges.

28. Through today, the first Google search result for Ms. Doe is a news article, led with her mugshot, stating she was charged with soliciting after an HIV positive test.

29. She suffered serious emotional injury.

### IV. FIRST CAUSE OF ACTION
### False Arrest/False Imprisonment

30. Ms. Doe re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

31. Ms. Doe was detained unlawfully, intentionally, and against her will.

32. She was confined to a limited area for a period of days.

33. There was no lawful justification for this arrest and imprisonment.

---

[1] CDC: "About HIV." https://www.cdc.gov/hiv/basics/whatishiv.html (accessed October 14, 2021).

34. The Defendants acted with malice, in bad faith, and in a willful, wanton, and/or reckless manner.

### V.    SECOND CAUSE OF ACTION
### Malicious Prosecution

35. Ms. Doe re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

36. The Defendants exhibited malice in instituting and continuing the prosecution of Ms. Doe.

37. There was no probable cause.

38. The prosecution terminated in Ms. Doe's favor.

39. The Defendants acted with malice, in bad faith, and in a willful, wanton, and/or reckless manner.

40. These acts and omissions actually and proximately caused damage to Ms. Doe.

### VI.    THIRD CAUSE OF ACTION
### 42 U.S.C. § 1983

41. Ms. Doe re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

42. The Defendants acted under color of law and within the scope of their employment at all relevant times and deprived Ms. Doe of her constitutional rights in violation of 42 U.S.C. § 1983 by seizing her person, arresting her without lawful privilege and without probable cause, and instituting and continuing a prosecution of her, in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

43. The Defendants instigated, influenced, or participated in the actions and decision to prosecute Ms. Doe, despite knowing there was no probable cause for the prosecution.

44. The Defendants accused Ms. Doe of criminal activity knowing these accusations to be without genuine probable cause, and made statements to prosecutors with the intention of exerting influence to begin and continue the judicial proceedings.

45. The Defendants instigated, influenced, or participated in the actions and decision to detain Ms. Doe, despite knowing that this was unlawful.

46. The Defendants acted in violation of Ms. Doe's clearly established constitutional rights.

47. These acts and omissions actually and proximately caused damage to Ms. Doe.

### VII. FOURTH CAUSE OF ACTION
### Violations of Article I, Section 14 of the Ohio Constitution

48. Ms. Doe re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

49. The same facts underlying the Third Cause of Action represent a violation of Ms. Doe's rights under Article I, Section 14 of the Ohio Constitution.

50. These acts and omissions actually and proximately caused damage to Ms. Doe.

### VIII. FIFTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress

51. Ms. Doe re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

52. The conduct of the Defendants was extreme and outrageous.

53. The conduct was undertaken with intent to cause or in reckless disregard of the probability that this conduct would cause severe emotional distress to Ms. Doe.

54. These acts and omissions actually and proximately caused damage to Ms. Doe.

Sandra Kurt, Summit County Clerk of Courts

## IX. JURY DEMAND

55. Ms. Doe demands a trial by jury on all issues so triable.

## X. PRAYER FOR RELIEF

WHEREFORE, Ms. Doe respectfully asks this Court for the following:

A. Compensatory damages in an amount exceeding $25,000;

B. Punitive damages in an amount exceeding $25,000;

C. Reasonable attorney fees, as allowed by law;

D. Costs associated with this action; and

E. Such other further relief as this Court deems just and proper, and any other relief as allowed by law.

Respectfully submitted,

/s/ Rebecca J. Sremack
Rebecca J. Sremack #0092313
Sremack Law Firm LLC
2745 South Arlington Road
Akron, Ohio 44312
Office: 330.644.0061
Fax: 330.644.0061
info@sremacklaw.com

/s/ Julie A. Toth
Julie A. Toth (0091570)
333 S. Main Street #200
Akron, OH 44308
(330) 376-9260
(330) 376-9307 facsimile
jtothlaw@gmail.com

*Attorneys for Jane Doe*